KENNETH J. MONTGOMERY, PLLC
Victor A. Dunlop (VAD-8571)
198 Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261 –Telephone
(614) 455-9261 – Facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------X
KAREEM BELL AND KRYSTAL TRUJILLO,                                  **COMPLAINT**

                Plaintiffs,

                                                                 Docket No:

                -against-

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER JOHN KEHOE, Shield No: 4812
in his individual and official capacities; and JOHN DOE
#1-5 (whose identities are currently unknown but who
are known to be police officers and/or supervisory
personnel of the New York City Police Department),
in their individual and official capacities; and JANE DOE
(whose identity is currently unknown but who is known
to be a police officer and/or supervisory person of the New
York City Police Department),

                Defendants.
-------------------------------------------------------------------------------------------------------------X

       Plaintiffs KAREEM BELL and KRYSTAL TRUJILLO, by their attorneys, Kenneth J. Montgomery, PLLC, hereby respectfully allege for their complaint against the City of New York, Police Officer John Kehoe, and Police Officers John Does 1-10 and Jane Does 1-10 (collectively, "Defendants") as follows:

## NATURE OF THE INSTANT ACTION

       1.     This is a civil action, brought pursuant to 42 U.S.C. §1983 and §1988 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and the constitution of the State of New York, against the City of New York (the "City"), Police Officer John Kehoe and Police Officers John Does 1-5 and Jane Doe (sometimes referred to herein as the "Defendant Police Officers"), and the New

York City Police Department ("NYPD").

2. The instant action seeks to hold the Defendants liable for misconduct under the federal civil rights statute, 42 U.S.C. §1983 and *Monell v. Dep't of Social Services,* 436 U.S. 658 (1978). The unlawful actions of the Defendants, alleged hereunder, resulted from affirmative *de facto* municipal policies, practices and customs to violate the constitutional rights of criminal suspects and defendants, or from deliberate indifference by policy-making officials, acting on behalf of the City of New York, to such violations.

3. As Plaintiffs will demonstrate hereunder, as a matter of policy, the actions of the Defendant Police Officers, which violated Plaintiffs' rights, reflect a corrupt culture of misconduct and physical abuse indicative of NYPD police officers that has long existed at New York City Police precincts.

4. By this action, Plaintiffs seek redress for the violations of their constitutional and civil rights and to recover damages they suffered as a result of the incidence complained of hereunder, including but not limited to damages for severe physical injuries, legal fees, costs and expenses associated with defending the criminal proceedings, loss of reputation, costs and expenses, mental anguish, pain and suffering, inconvenience, humiliation, and fear.

## PRELIMINARY STATEMENT

5. Plaintiffs bring this action for action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 for violations of their civil rights guaranteed by the Constitutions of the Unites States and the State of New York.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

7. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

8. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

9. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10. Plaintiff Kareem Bell is an African American male and is at all relevant times a resident of the State of New York and County of Queens.

11. Plaintiff Krystal Trujillo is a Latina and is at all relevant times a resident of the State of New York and County of Queens.

12. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

14. At all times hereinafter mentioned, the individually named defendant, P.O. John Kehoe, P.O. "John Doe" #1-5 and P.O. "Jane Doe", were duly sworn police officers of said department and were acting under the supervision of said department and according to their

official duties.

15. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Each and all of the acts of the defendants alleged herein were done by the Defendant Police Officers while acting within the scope of their employment by defendant City of New York.

17. The Defendant Police Officers committed each and all of the acts alleged herein while acting in furtherance of their employment under the defendant City of New York.

**FACTS**

18. On August 25, 2011, plaintiff Kareem Bell ("Bell") was traveling on the A train to the Rockaway Boulevard station (hereinafter "Rockaway"), where he was to meet plaintiff Krystal Trujillo ("Trujillo"). While on the train, Bell phoned Trujillo to inform her that he was two stops away and would arrive shortly.

19. Prior to arriving to Rockaway, defendant P.O. Kehoe approached Bell on the train and told him to stop the music that was playing on his cell phone.

20. Upon information and belief, Bell stood up while the train was pulling into Rockaway and responded, "I'm getting off of the train" and his phone began to ring stopping the music. Upon further information and belief, Bell exited the train and began walking down the stairway and defendant P.O. Kehoe also exited the train and followed Bell down the stairway.

21. Upon information and belief, while Bell was walking down the stairway, defendant P.O. Kehoe began to shout at him, "Come here" and approaches Bell while he is

waiting for Trujillo. Upon further information and belief, Bell responded, "For what, I already turned off the music."

22.     Upon information and belief, defendant P.O. Kehoe further responds, "Oh you think you are a smart guy?" and Bell responds, "No, I turned off the music".

23.     Upon information and belief, P.O. Kehoe tells Bell to, "Have a seat", and shoves Bell to the ground. Upon further information and belief, Bell stands back up and says, "You have no right to touch me" and began walking away.

24.     Upon information and belief, defendant P.O. Kehoe followed Bell, grabbed him by his clothing and pushed him into an emergency gate, before he lost his grip. Bell walked away.

25.     Upon information and belief, defendant P.O. Kehoe caught up to Bell and pushed him into a corner store and grabbed him by his clothing again. However, when Bell attempted to walk away this time, defendant P.O. Kehoe began hitting him with his nightstick and used mace on him in his mouth and eyes for approximately 7 seconds while kicking Bell in an attempt to get Bell to fall to the ground.

26.     Upon information and belief, while on the ground, Bell saw Trujillo walking towards him and he also heard defendant P.O. Kehoe call for back up.

27.     Upon information and belief, Trujillo walked up to the scene at the corner of 111th Street and 103rd Avenue in the Ozone Park section of Queens, where she was to meet Bell.

28.      As Trujillo arrived, she observed defendant P.O. Kehoe hitting Bell, who was now on his feet and up against the wall, with a nightstick and asked, "What is going on"?

29.     Upon information and belief, Bell told Trujillo, "I'm being beat up over some music". Upon further information and belief, Bell and Trujillo attempt to walk away from the scene but were stopped when the back up called by defendant P.O. Kehoe arrived.

27. Once the John Does defendants and Jane Doe defendant arrived, they tackled Bell to the ground and began to punch Bell in the face and body and beat him with their nightsticks while he was on the ground. Trujillo called her mother upon witnessing Bell being attacked.

28. Upon information and belief, defendant Jane Doe shoved Trujillo and she stumbled while still on the phone with her mother pleading for her to come to the scene. Almost immediately, defendant P.O. Kehoe tackled Trujillo and she Trujillo screamed out, "I'm pregnant". Upon further information and belief, John Doe defendant assisted P.O. Kehoe and told Trujillo to "calm down".

29. Upon information and belief, Trujillo's mother arrived to the scene and told the defendants that Trujillo was pregnant and asked for badge numbers. Upon further information and belief, the defendant John Doe released Trujillo and another defendant John Doe placed Trujillo into a police car and transported her to the 106th precinct. Bell was also handcuffed and placed into a paddy wagon and while doing so, he observed Trujillo also being arrested and placed into a police car.

30. While at the 106th precinct, Trujillo advised the officers that she felt pain in her abdomen region and that she needed attention to the bruises she received and requested an ambulance. The emergency medical technicians advised Trujillo that she was having contractions and she was transported to the hospital, where she remained handcuffed to the bed.

31. While Bell was in the paddy wagon, emergency medical technicians arrived to the scene and, upon information and belief the technicians advised the defendant Police Officers that Bell needed stitches to close his now open and bleeding wounds. Upon information and belief, despite receiving medical advice from the emergency medical technicians, defendant Police Officers, including defendant P.O. Kehoe denied Bell medical attention and transported

him to the 106th police precinct.

32. Bell was charged with obstructing governmental administration, resisting arrest, disorderly conduct and related charges. After numerous court appearances, the charges terminated in Bell's favor.

33. Trujillo was charged with assaulting a police officer. After numerous court appearances, the charges were reduced and Trujillo accepted a conditional discharge and a sentence of five days' community service. Trujillo was scheduled to begin employment as a teacher's aid for children with disability, but as a direct result of the incident complained of herein, the offer of employment was revoked.

34. As a result of said incidents, Plaintiffs variously suffered damages including but not limited to damages for legal fees, costs and expenses associated with defending the criminal proceedings, severe physical injuries, loss of liberty, lost employment and wages; loss of reputation, legal fees, costs and expenses, mental anguish, pain and suffering, inconvenience, humiliation, and fear.

FIRST CAUSE OF ACTION

42 U.S.C. § 1983-Fourth Amendment Violations
*On Behalf Plaintiffs for Excessive Force*
(Against the Individual Officer Defendants)

35. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

37. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all of the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. The level of force employed by defendants was objectively unreasonable and in violation of the plaintiffs' constitutional rights.

41. As a result of the foregoing, plaintiffs sustained, inter alia, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SECOND CAUSE OF ACTION

42 U.S.C. § 1983-Fourth Amendment Violations
*On Behalf of Plaintiffs for False Arrest*
(Against the Individual Officer Defendants)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

43. As a result of the Defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CAUSE OF ACTION

42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations
*On Behalf of Plaintiffs for False Arrest*
(Against the Individual Officer Defendants)

45. Plaintiffs repeat and re-allege paragraphs "1" through "44" as if fully set forth herein.

46. The Defendant Police Officers initiated and caused and/or caused the initiation and the continuation, of plaintiffs' prosecutions intentionally, willfully, and with malice, and without probable cause.

47. The Defendant Police Officers engaged in a continuing course of conduct after the August 25, 2011 arrests to deprive plaintiffs of their liberty by, *inter alia,* knowingly assisting in and pursuing false allegations against them.

48. All charges against plaintiffs were resolved in their favor.

49. By virtue of the foregoing, the Defendant Police Officers each deprived the plaintiffs of their rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizures and to liberty and due process, and are liable to plaintiffs under 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION

42 U.S.C. § 1983 - Fifth and Fourteenth Amendment Violations
*On Behalf of All Plaintiffs for Fabrication of Evidence*
(Against the Individual Officer Defendants)

50. Plaintiffs repeat, reiterate, and reallege paragraphs "1" through "49" as if fully set forth herein.

51. The Defendant Police Officers fabricated allegations of assault, resisting arrest, and disorderly conduct against plaintiffs including but not limited to intentionally and maliciously deceiving the District Attorney.

52. The Defendant Police Officers fabricated allegations of obstructing governmental administration against Kareem Bell, including but not limited to intentionally and maliciously deceiving the District Attorney.

53. By virtue of the foregoing, the Defendant Police Officers each deprived plaintiffs of their Fifth and Fourteenth Amendment rights under the United States Constitution to due process and to a fair trial and are liable to plaintiffs under 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION

42 U.S.C. § 1983- Failure to Intervene
*On Behalf of All Plaintiffs*
(Against the Individual Officer Defendants)

54. Plaintiffs repeat, reiterate and reallege paragraphs "1" through "53" as if fully set forth herein.

55. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe other members of the NYPD violating the constitutional rights of a civilian.

56. As described herein, the Defendant Police Officers each witnessed other NYPD officers violating the Plaintiffs' constitutional rights and each failed to intervene, halt, or protect the Plaintiffs from the deprivation of their Fourth and Fourteenth Amendment rights under the United States Constitution.

57. By virtue of the foregoing, the Defendant Police Officers each failed to intervene in the deprivation of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment

rights under the United States Constitution and are liable to Plaintiffs under 42 U.S.C. §1983.

### SIXTH CAUSE OF ACTION
### Respondeat Superior
*On Behalf of Luis Pena and Gabriel Diaz*
(Against the City of New York)

58. Plaintiffs repeat and re-allege paragraphs "1" through "57" as if fully set forth herein.

59. The Defendant Police Officers were employees of the City at the time of the incidents alleged herein and each was acting at all relevant times within the scope of his or her employment with the City.

60. The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Officer Defendants under the common law doctrine of respondeat superior.

WHEREFORE, plaintiff Kareem Bell demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action;

WHEREFORE, plaintiff Krystal Trujillo demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action;

DATED:   Brooklyn, New York
         August 21, 2014

                              Respectfully submitted,
                              KENNETH J. MONTGOMERY, PLLC

                              *[signature]*

                              Victor A. Dunlop (VAD-8571)

198 Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261 Telephone
(614) 455-9261 Facsimile
Attorneys for Plaintiffs